UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KENNETH P. PIERSON and PAULA L. TAYLOR,**[1] | ) ) ) |
| **Plaintiffs,** | ) ) |
| v. | ) ) |
| **DON ANDREWS, individually and in his official capacity as State District Judge, Oklahoma County,** | ) ) ) ) ) |
| **Defendant.** | ) ) ) |

Case No. 16-CV-0346-CVE-PJC

## OPINION AND ORDER

Now before the Court is plaintiff Paula Taylor's motion to proceed in forma pauperis (Dkt. # 3)[2] and plaintiffs' complaint and motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) (Dkt. ## 2, 4). Plaintiffs proceed pro se and, while the Court liberally construes pro se pleadings, the Court has an obligation to ensure compliance with fundamental procedural rules, including jurisdiction and venue. See Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994); see also Keaveney v. Larimer, 242 F.3d 389, 2000 WL 1853994, at *2 (10th Cir. 2000) (unpublished table

---

[1] Plaintiffs attempt to proceed under fictitious names in this action. However, plaintiffs have not filed a motion to proceed under fictitious names and the Court identifies no basis upon which proceeding under fictitious names would be appropriate. Further, plaintiffs' complaint (Dkt. # 2) includes copies of the relevant state court orders that bear the parties names and the state court records are available online as a matter of public record. The Court thus uses the parties' real names, as reflected in the corrected caption.

[2] Plaintiff Kenneth Pierson has not filed a motion to proceed in forma pauperis.

decision)[3]. Plaintiffs' Rule 60(b) motion seeks relief from two orders issued by an Oklahoma County district judge, alleging that the orders were the result of "fraud on the court." Dkt. # 4.

Among the numerous deficiencies in plaintiff's complaint and Rule 60(b) motion, venue in this district is improper because plaintiffs are challenging the orders of an Oklahoma County state district judge. Pursuant to 28 U.S.C. § 1391(b), venue for a civil action is proper in "a judicial district in which any defendant resides" or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Venue is proper in the Western District of Oklahoma, which includes Oklahoma County, based upon both the residence of the defendant--the Oklahoma County state court judge--and where a substantial part of the events--the state court orders--occurred. Such "[j]urisdictional defects that arise when a suit is filed in the wrong federal district may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631, which requires a court to transfer such an action if the transfer is in the interest of justice." Haugh v. Booker, 210 F.3d 1147, 1150 (10th Cir. 2000) (internal quotation marks omitted). "Nonetheless, . . .a court is authorized [first] to consider the consequences of a transfer by taking a peek at the merits to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." Id. (internal quotation marks omitted).

The procedural posture of this case convinces the Court that transferring defendant's case is unnecessary. Plaintiffs' complaint and Rule 60(b) motion seek to challenge a state court's orders dismissing plaintiffs' state court action and denying plaintiffs' motion to vacate sanctions. Dkt. # 4, at 1. This Court lacks subject matter jurisdiction to hear a suit directly challenging a state court judgment. Skinner v. Switzer, 562 U.S. 521, 532 (2011) ("[A] state-court decision is not reviewable

---

[3]   This and other unpublished opinions herein are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

by lower federal courts, but a statute or rule governing the decision may be challenged in a federal action." (citations and footnote omitted)). The Rooker-Feldman[4] doctrine precludes lower federal court review of a direct challenge to a state court judgment. See id. at 531-33; McKithen v. Brown, 626 F.3d 143, 154-55 (2d Cir. 2010); Cooper v. Ramos, 704 F.3d 772, 777-79 (9th Cir. 2012); Alvarez v. Attorney Gen. for Fla., 679 F.3d 1257, 1262-64 (11th Cir. 2012); Dawson v. Suthers, No. 14-CV-01919-MSK-NYW, 2015 WL 5525786, at *4 (D. Colo. Sept. 21, 2015) (unpublished). The Rooker-Feldman doctrine applies to cases where "[t]he losing party in state court filed suit in a U.S. District Court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking federal-court review and rejection of that judgment." Skinner, 562 U.S. at 531 (footnote omitted). Lower federal courts lack subject matter jurisdiction over such cases as Congress has "vest[ed] authority to review a state court's judgment solely in [the Supreme] Court." Id. at 532. As plaintiffs' motion attacks a state court judgment, this Court has no jurisdiction to hear their claims. Plaintiffs' complaint should thus be dismissed for lack of subject matter jurisdiction, and the motion declared moot.

**IT IS THEREFORE ORDERED** that plaintiffs' complaint (Dkt. # 2) is **dismissed** for lack of subject matter jurisdiction. The Rule 60(b) motion (Dkt. # 4) is **moot**. A separate judgment of dismissal is entered herewith.

---

[4] In Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), the Supreme Court held that a state court litigant must appeal an adverse ruling to a state court of appeals and a federal district court lacks jurisdiction to review a state court ruling. This limitation on the jurisdiction of the lower federal courts is known as the Rooker-Feldman doctrine.

**IT IS FURTHER ORDERED** that plaintiff Paula Taylor's motion to proceed in forma pauperis (Dkt. # 3) is **granted.** Plaintiff Kenneth Pierson is directed to pay the filing fee.

**IT IS FURTHER ORDERED** that the Court Clerk is directed to correct the caption in this case to conform with this Opinion and Order.

**DATED** this 14th day of June, 2016.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE